MICHAEL C. ORMSBY
United States Attorney
Eastern District of Washington
JAMES A. GOEKE
Assistant United States Attorney
402 East Yakima Avenue, Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DEC 0 9 2010

JAMES R. LARSEN, CLERK
_____DEPUTY
YAKIMA, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) No. CR-10-2077-RMP |
| vs. | ) |
| JAMES DEAN CLOUD, | ) Plea Agreement |
| Defendant. | ) |

Plaintiff, United States of America, by and through Michael C. Ormsby, United States Attorney for the Eastern District of Washington, and James A. Goeke, Assistant United States Attorney for the Eastern District of Washington, and Defendant JAMES DEAN CLOUD and the Defendant's counsel, Alex B. Hernandez, III, agree to the following Plea Agreement:

1. <u>Guilty Plea and Maximum Statutory Penalties</u>:

The Defendant, JAMES DEAN CLOUD, agrees to plead guilty to the Superseding Information in this case charging the Defendant with: (1) a Crime on an Indian Reservation - Burglary, in violation of 18 U.S.C. § 1153 and R.C.W. 9A.52.025; and, (2) Possession of a Stolen Firearm, in violation of 18 U.S.C. § 922(j). The Defendant understands that each charge is a Class

C felony that carries a maximum penalty of not more than a 10-year term of imprisonment; a fine not to exceed $250,000; not more than a 3-year term of supervised release; restitution; and a $100.00 special penalty assessment.

The Defendant, JAMES DEAN CLOUD, further understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

The Defendant, JAMES DEAN CLOUD, further agrees and understands that pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the Defendant and the United States agree that the Defendant shall receive a sentence of imprisonment of 120 months imprisonment for his conviction for Count 1 of the Superseding Information (a Crime on an Indian Reservation - Burglary, in violation of 18 U.S.C. § 1153 and R.C.W. 9A.52.025) and a sentence of 30 months incarceration for his conviction for Count 2 of the Superseding Information (Possession of a Stolen Firearm, in violation of 18 U.S.C. § 922(j)). The Defendant and United States agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that these sentences shall run consecutively for a total sentence of imprisonment of 150 months. The Defendant and the United States further agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that as a condition of supervised release, upon his release from custody, the Defendant shall enter an inpatient substance abuse treatment program of 6 to 12 months in duration in the manner directed by his United States Probation Officer and the Court.

2. <u>The Court is Not a Party to the Agreement</u>:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

The Defendant also understands that should the sentencing judge decide not to accept any of the parties' recommendations, the provisions noted in Paragraph 10 of this Plea Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) apply.

3. <u>Waiver of Constitutional Rights</u>:

The Defendant, JAMES DEAN CLOUD, understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

    (a). The right to a jury trial;

    (b). The right to see, hear and question the witnesses;

    (c). The right to remain silent at trial;

        (d). The right to testify at trial; and

        (e). The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney. The Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

4. **Elements of the Offense:**

The United States and the Defendant agree that in order to convict the Defendant of a Crime on an Indian Reservation - Burglary, in violation of 18 U.S.C. § 1153 and R.C.W. 9A.52.025, the United States would have to prove beyond a reasonable doubt the following elements:

    (a). First, on or about May 25, 2010, in the Eastern District of Washington, at White Swan, the Defendant, JAMES DEAN CLOUD, did enter and remain unlawfully in a dwelling other than a vehicle, to wit: a residence located in White Swan, Washington, with the intent to commit a crime against property therein;

    (b). Second, the dwelling was a place within the external boundaries of the Yakama Nation Reservation, on trust land and in Indian Country; and,

    (c). Third, JAMES DEAN CLOUND is an Indian.

The United States and the Defendant further agree that in order to convict the Defendant of Possession of a Stolen Firearm, in violation of 18 U.S.C. § 922(j), the United States would have to prove beyond a reasonable doubt the following elements:

    (a). First, on or about May 25, 2010, the Defendant JAMES DEAN CLOUD knowingly possessed a stolen firearm;

    (b). Second, the firearm had been shipped or transported from one state to another or from a foreign nation to the United States; and,

    (c). The Defendant knew that the firearm had been stolen.

5. <u>Factual Basis and Statement of Facts</u>:

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for JAMES DEAN CLOUD's guilty plea:

On May 25, 2010, Yakima County Sheriff's deputies responded to a residential home alarm alert in White Swan, within the Yakama Nation Reservation. Officers contacted the homeowner who advised that two handguns and other items had been stolen from the residence while the homeowner was away. The home was equipped with internal video surveillance. Review of the video surveillance plainly depicts JAMES DEAN CLOUD walking through the house and picking up various items on May 25, 2010. Among the items CLOUD discovered and stole from the residence were two handguns. The video surveillance clearly shows CLOUD examine the

firearms, secure the firearms on his person, and depart the residence. One firearm was a Glock Model 19 handgun, serial number BCM577, and the other firearm was .38 caliber Taurus revolver with an unknown serial number. Both firearms were manufactured outside the State of Washington and traveled in interstate and/or foreign commerce to reach the State of Washington. CLOUD is an enrolled member of the Yakama Nation. CLOUD did not have permission to enter and remain in the residence on May 25, 2010.

This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

6. <u>Waiver of Inadmissibility of Statements</u>:

The Defendant agrees to waive the inadmissibility of statements made in the course of plea discussions with the United States, pursuant to Fed. R. Crim. P. 11(f). This waiver shall apply if the Defendant withdraws this guilty plea or breaches this Plea Agreement. The Defendant acknowledges that any statements made by the Defendant to law enforcement agents in the course of plea discussions in this case would be admissible against the Defendant in the United States's case-in-chief if the Defendant were to withdraw or breach this Plea Agreement.

7. <u>The United States Agrees</u>:

(a.) <u>Not to File Additional Charges</u>:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the

time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in this Superseding Information, unless the Defendant breaches this Plea Agreement any time before or after sentencing.

8. United States Sentencing Guideline Calculations:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing.

(a.) Base Offense Level:

The United States and the Defendant understand that the Court will determine a base offense level under the U.S.S.G. The parties are free to advocate for whatever base offense level either party believe is appropriate under the U.S.S.G.

(b.) Specific Offense Characteristics:

The United States and the Defendant understand that the Court will consider additional specific offense characteristics under the U.S.S.G. that could reduce or increase the base offense level.

(c.) Acceptance of Responsibility:

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and provides written notification that he intends to enter a plea of guilty no later than December 9, 2010, the United States will

move for a three (3) level downward adjustment in the offense level for the Defendant's timely acceptance of responsibility, pursuant to U.S.S.G. §3E1.1(a) and (b).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a three (3) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

Furthermore, the Defendant agrees to pay the $100 mandatory special penalty assessment for each count of conviction to the Clerk of Court for the Eastern District of Washington, at or before sentencing, and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment, as a condition to this recommendation by the United States.

(d.) <u>Criminal History</u>:

The United States and the Defendant understand that the Defendant's criminal history computation is tentative and that ultimately the Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative Report. The United States and the Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigative Report is completed.

As of this date, the facts regarding the Defendant's criminal history are related in the Pretrial Services Report previously provided to the parties in this matter.

9. <u>Departures</u>:

The parties are unaware of any applicable departures and note that this Plea Agreement is pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

10. <u>Incarceration</u>:

(a.) <u>Length of Imprisonment</u>:

The Defendant, JAMES DEAN CLOUD, agrees and understands that pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the Defendant shall receive a total sentence of imprisonment of 150 months. Specifically, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), for his conviction for Count 1 of the Superseding Information (a Crime on an Indian Reservation - Burglary, in violation of 18 U.S.C. § 1153 and R.C.W. 9A.52.025), the Defendant agrees he shall receive a sentence of 120 months incarceration and for his conviction for Count 2 of the Superseding Information (Possession of a Stolen Firearm, in violation of 18 U.S.C. § 922(j)) the Defendant shall receive a sentence of 30 months incarceration. The Defendant further agrees pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that these sentences of incarceration shall run consecutively to one another, resulting in a total sentence of incarceration of 150 months.

If the Court does not accept the plea, does not accept this Plea Agreement, or chooses to sentence the Defendant to a greater or lesser sentence than the United States and the Defendant have agreed upon, the Defendant may withdraw his plea and withdraw from the Plea Agreement. The United States also at its option may withdraw from this Plea Agreement if the Court imposes a

total sentence of incarceration less than 150 months and/or does not impose inpatient substance abuse treatment for a period of 6 to 12 months to follow the Defendant's sentence of incarceration as a condition of the Defendant's term of three years supervised release. This Plea Agreement is also contingent on the Defendant executing the Plea Agreement and filing a formal notice with Court of his intent to enter a guilty plea no later than December 9, 2010.

(b.) <u>Bureau of Prison Recommendations</u>:

The United States Attorney's Office for the Eastern District of Washington acknowledges that the Defendant may intend to request the Court to write a letter to the United States Bureau of Prisons recommending that the Defendant be allowed to serve the sentence at a specific institution. The Defendant understands that any decision concerning the Defendant's place of incarceration is within the exclusive province of the Bureau of Prisons.

11. <u>Criminal Fine</u>:

The United States and the Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

12. <u>Supervised Release</u>:

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the United States and the Defendant agree that the Court shall impose a 3 year term of supervised release to include the following special conditions, in addition to the standard conditions of supervised release:

(1) that the Defendant participate and complete such drug testing and drug treatment programs as the Probation Officer directs, including mandatory participation in an inpatient substance abuse treatment program for a period of at least 6 to 12 months, with the duration of the inpatient treatment program within the term of 6 to 12 months to be set by the Probation Officer and the Court; and

        (2) that the Defendant's person, residence, office, vehicle, and belongings are subject to search at the direction of the Probation Officer.

        13.   <u>Mandatory Special Penalty Assessment</u>:

        The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

        14.   <u>Payments While Incarcerated</u>:

        If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

        15.   <u>Restitution</u>:

        Both parties understand that restitution may be ordered. The parties have no agreement on the amount of restitution and understand that the victims of this offense will be heard by the Court on this issue. The Defendant reserves the right to object to restitution amounts if appropriate.

16. <u>Additional Violations of Law Can Void Plea Agreement</u>:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

17. <u>Appeal Rights</u>:

The Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. The Defendant hereby expressly waives his right to appeal his conviction and the sentence the Court imposes, including any restitution order. Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence. The Defendant also retains the limited right to appeal any sentence of incarceration imposed in excess of a total of 150 months.

18. <u>Integration Clause</u>:

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is

binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

## Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

MICHAEL C. ORMSBY
United States Attorney

_____  12/09/2010
James A. Goeke                    Date
Assistant U.S. Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any

///
///
///
///
///
///

way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____  12-8-10
JAMES DEAN CLOUD                 Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_____  12-8-10
Alex B. Hernandez, III           Date
Attorney for the Defendant